IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE J. WERT, RICHARD D. KINCAID, and JAMES O. MYERS, individually and derivatively on behalf of Ditto Holdings, Inc., | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Case No. 17 C 219 |
| STUART COHN, ZVI FEINER, DAVID JONATHAN ROSENBERG, and AVI FOX, | )<br>)<br>) |
| Defendants. | ) |

## ORDER ON NON-PARTY PAUL SIMONS'S MOTION FOR LEAVE TO FILE AND SPREAD OF RECORD TURNOVER ORDER AND LIENS

The plaintiffs in this case, who are shareholders of Ditto Holdings, Inc., have sued members of Ditto Holdings' board of directors and its general counsel, alleging mismanagement, fraud, and concealment of the company's finances and operations. One of the plaintiffs, James Myers, has asserted individual claims against the defendants under the federal securities laws. All three of the plaintiffs have asserted state law claims. Specifically, they have asserted fraud claims on an individual basis, a corporate waste claim on a derivative basis, and claims for breach of fiduciary duty, negligent misrepresentation, and legal malpractice on both an individual and derivative basis. *See Wert v. Cohn*, No. 17 C 219, 2017 WL 3838098 (N.D. Ill. Sept. 1, 2017).

In 2014, Paul Simons, who is not a party to the present case, filed a separate federal lawsuit against Ditto Holdings and a related entity, Ditto Trade, Inc. In April

2016, he obtained a default judgment. The total amount of the judgment was about $1.8 million against Ditto Holdings and Ditto Trade jointly and severally and $810,000 against Ditto Holdings alone. Simons served a citation to discover assets upon Ditto Holdings and Ditto Trade in February 2017. He did not serve it on any of the plaintiffs in the present case, which had been filed several weeks earlier. On September 13, 2017, Simons obtained from the judge presiding over his case an order directing the plaintiffs in the present case to turn over any funds of Ditto Holdings or Ditto Trade that they now or later hold, in order to satisfy the judgment in Simons's case. But Simons did not serve upon the plaintiffs in the present case his motion seeking a turnover order, even though the motion referenced the present case and asked the judge for an order compelling the present plaintiffs (who had not even been served with the motion!) to turn over any proceeds "recovered on behalf of, or owed, or owing to Ditto Trade, Ditto Holdings, or both entities." Case No. 14 C 309, Mot. for Order Turning Over Assets (dkt. no. 267), ¶ 9. Rather, the turnover order was first brought to plaintiffs' attention as a *fait accompli*.

Simons now seeks an order "for leave to file and spread of record" in this case the turnover order and his purported citation lien. Plaintiffs object. They contend that both the citation and the turnover order are void insofar as they relate to plaintiffs and the present case, because they were not served with the citation and were not given notice or an opportunity to be heard before the order was entered. Plaintiffs also argue that the order is void because they hold no assets of the judgment debtors.

Simons does not, at present, have a valid lien against plaintiffs or any proceeds they might ultimately obtain in this case. Under 735 ILCS 5/2-1402(m), a judgment

2

becomes a lien "when a citation is served in accordance with" section 2-1402(a). Section 2-1402(a) requires service on the person claimed to hold assets or income of the judgment debtor. The Seventh Circuit has stated that "Illinois allows a judgment debtor to pursue a contingent asset such as a potential judgment by serving a citation to discover assets on a third party." *Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997). The lien is considered perfected as of the date the citation was served. *Id.* But the citation was never served on the plaintiffs in this case, so there is no perfected lien.

Even if this were not the case, under controlling Seventh Circuit authority, the turnover order that Simons obtained has no effect with regard to any judgment that might be obtained in the future in the present case. As the court stated in *Cacok*, "Illinois has disapproved mandatory turnover orders entered against third party citation respondents in these circumstances." *Id.* The reason is that an order requiring future turnover of monies paid in satisfaction of a not-yet-obtained judgment in a separate action is "equivalent to a permanent mandatory injunction," which "exceed[s] the scope of the supplementary proceedings authorized by the Illinois legislature, which intended to authorize only temporary restraining orders or preliminary injunctions to maintain the status quo." *Id.* Simons might be able to obtain an legally appropriate status quo order were he to serve a proper citation upon the appropriate persons (namely, the plaintiffs), but the turnover order that he obtained has no effect with respect to the present case. The Court also notes that before Simons can, in the future, obtain a valid order along these lines, he will have to give plaintiffs *advance* notice by serving them with a proper citation and by giving them notice before seeking any further relief from the court.

The Court takes no position regarding whether the underlying default judgment is

infirm or whether the plaintiffs in this case have standing to challenge it. Any issues regarding the validity of that judgment are appropriately raised before the judge who entered it.

Finally, the Court agrees with Simons that any derivative claims belong to the entity on whose behalf they are brought, in this case Ditto Holdings, Inc. *See, e.g., Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006). Ditto Holdings, of course, is one of the judgment debtors in Simons's case. Thus if plaintiffs come into possession of proceeds of the derivative claims they have asserted in this case, and if— by taking further, appropriate steps after serving appropriate notice—Simons has by that time obtained a valid citation lien, then there will have to be an adjudication of who gets what. But none of that has happened yet. Simons's current claimed lien is of no effect with respect to the plaintiffs' claims in this case because he never served the plaintiffs with the citation. The turnover order is of no effect either, because Simons caused the order to be entered without first enabling the issuing judge to get personal jurisdiction over the plaintiffs. Rather, Simons tried to end-run both the Due Process Clause and Illinois law.

**Conclusion**

For the reasons stated above, the Court denies Simons's motion for leave to file and spread of record the turnover order and his purported citation liens.

Date: November 20, 2017

_____
MATTHEW F. KENNELLY
United States District Judge

4