IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE J. WERT, )<br>RICHARD D. KINCAID, and )<br>JAMES O. MYERS, individually and )<br>derivatively on behalf of Ditto Holdings, Inc., )<br>n/k/a SoVesTech, Inc., )<br>  )<br>  Plaintiffs, )<br>  )<br>v. )<br>  )<br>STUART COHN, ZVI FEINER, )<br>DAVID JONATHAN ROSENBERG, )<br>and AVI FOX, )<br>  )<br>  Defendants. ) | Case No. 1:17-cv-00219<br><br>Hon. Matthew Kennelly<br><br>Hon. Maria Valdez |

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT WITH STUART COHN**

Plaintiffs Lawrence Wert ("Wert"), Richard Kincaid ("Kincaid"), and James Myers ("Myers") (collectively "Plaintiffs"), through their undersigned counsel, for their Motion for Preliminary Approval of Settlement with Defendant Stuart Cohn ("Cohn") pursuant to Fed. R. Civ. Proc. 23.1, respectfully state as follows[1]:

Plaintiffs and Cohn have entered into a settlement (the "Settlement") of Plaintiffs' individual claims against Cohn and the derivative claims Plaintiffs brought against Cohn in the above-captioned Action (the "Action"). The terms of this Settlement are memorialized in a Settlement Agreement and Release dated August 28, 2018 (the "Settlement Agreement").[2] Plaintiffs now seek entry of the [Proposed] Order Granting Preliminary Approval of Settlement,

---

[1] Plaintiffs' arguments are set forth in more detail in their accompanying Memorandum of Law in Support of Motion for Preliminary Approval of Settlement ("Memorandum").

[2] A copy of the Settlement Agreement and Release is attached as Exhibit A to the Memorandum.

46218869;1

Directing Issuance of Notice, and Setting a Final Settlement Hearing (the "Preliminary Approval Order"), which: (1) grants preliminary approval of the Settlement; (2) approves the form and manner of giving notice of the Settlement; and (3) schedules a hearing (the "Settlement Hearing"), at which the Court will consider whether or not to grant final approval to the Settlement.

## THE SETTLEMENT

The Settlement calls for a payment from Cohn's insurer to Plaintiffs in the amount of $675,000, which will be allocated, upon approval of the Settlement and at Plaintiffs' sole discretion, in two ways: (1) the individual Plaintiffs will receive $525,000 to compensate them for some of the fees and costs they have incurred in prosecuting the Action on behalf of themselves and the shareholders; and (2) the remaining $150,000 shall be deposited in a limited liability company created solely for the purpose of acquiring and administering the Company's sole remaining asset: its intellectual property. This entity will acquire the intellectual property and seek to sell or license it in a manner that creates maximum value for the shareholders.

Plaintiffs and Cohn and their respective counsel believe that the overall settlement amount of $675,000 is fair, adequate, and reasonable. Further, Plaintiffs --- in whose sole discretion the funds are proposed to be allocated --- and their experienced counsel believe that the plan of allocation of proceeds is fair and designed to benefit the Company and its shareholders. The Settlement, accordingly, should receive preliminary approval.

## LEGAL STANDARD

In deciding whether to grant preliminarily approval, the Court must consider: "(1) the strength of plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length, and expense of continued litigation; (3) the amount of opposition to settlement

among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010) (citing *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). In determining whether a class action settlement is fair, reasonable, and adequate, the Court must also evaluate whether the allocation of funds among class members is reasonable and equitable. *Summers v. UAL Corp. ESOP Comm.*, No. 03 C 1537, 2005 WL 3159450, at *2 (N.D. Ill. Nov. 22, 2005).

## THE SETTLEMENT IS WITHIN THE RANGE OF POSSIBLE APPROVAL

As discussed more fully in the Memorandum, based upon application of the factors this Court employs to evaluate preliminary approval of settlements, the Settlement is within the range of possible approval:

- Plaintiffs' case is strong, but the Settlement is reasonable in light of the risks and costs inherent in further litigation: the Settlement provides tangible benefits to the shareholders --- in the form of a settlement-funded entity established for the purpose of preserving and cultivating the Company's intellectual property for the benefit of all shareholders --- and avoids the risk and cost inherent in proceeding with Plaintiffs' claims against Cohn in this litigation, which has already been time-consuming and expensive.

- Continuing this litigation against Cohn will be complex, time-consuming, and expensive. Expert discovery and summary judgment briefing and, if necessary, pretrial preparation and trial could take many more months of the parties' and this Court's time, and additional attorneys' fees could stretch into the hundreds of thousands on both sides. Additionally, there are still complex issues to be resolved. The Settlement will, therefore, result in considerable savings of money and time.

- It is too early to evaluate objections to the Settlement. The Court will consider objections from shareholders or other affected parties during the fairness hearing and evaluate these objections in its determination regarding final approval.

- Plaintiffs' counsel is experienced in this type of case and believes the Settlement is fair and reasonable. As explained in the Declaration of Dean Dickie attached to the Memorandum, Plaintiffs' counsel in this matter has extensive experience in class actions and derivative actions. Plaintiffs' counsel believes that the Settlement is fair and reasonable and that the allocation of funds is appropriate. Plaintiffs' experienced counsel also believes that the

among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010) (citing *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). In determining whether a class action settlement is fair, reasonable, and adequate, the Court must also evaluate whether the allocation of funds among class members is reasonable and equitable. *Summers v. UAL Corp. ESOP Comm.*, No. 03 C 1537, 2005 WL 3159450, at *2 (N.D. Ill. Nov. 22, 2005).

## THE SETTLEMENT IS WITHIN THE RANGE OF POSSIBLE APPROVAL

As discussed more fully in the Memorandum, based upon application of the factors this Court employs to evaluate preliminary approval of settlements, the Settlement is within the range of possible approval:

- Plaintiffs' case is strong, but the Settlement is reasonable in light of the risks and costs inherent in further litigation: the Settlement provides tangible benefits to the shareholders --- in the form of a settlement-funded entity established for the purpose of preserving and cultivating the Company's intellectual property for the benefit of all shareholders --- and avoids the risk and cost inherent in proceeding with Plaintiffs' claims against Cohn in this litigation, which has already been time-consuming and expensive.

- Continuing this litigation against Cohn will be complex, time-consuming, and expensive. Expert discovery and summary judgment briefing and, if necessary, pretrial preparation and trial could take many more months of the parties' and this Court's time, and additional attorneys' fees could stretch into the hundreds of thousands on both sides. Additionally, there are still complex issues to be resolved. The Settlement will, therefore, result in considerable savings of money and time.

- It is too early to evaluate objections to the Settlement. The Court will consider objections from shareholders or other affected parties during the fairness hearing and evaluate these objections in its determination regarding final approval.

- Plaintiffs' counsel is experienced in this type of case and believes the Settlement is fair and reasonable. As explained in the Declaration of Dean Dickie attached to the Memorandum, Plaintiffs' counsel in this matter has extensive experience in class actions and derivative actions. Plaintiffs' counsel believes that the Settlement is fair and reasonable and that the allocation of funds is appropriate. Plaintiffs' experienced counsel also believes that the

relief afforded to the Company's shareholders, in the form of an entity formed solely for the purpose of seeking to further the development of the Company's intellectual property in order to maximize the potential for that intellectual property to generate licensing fees and/or sale proceeds that can be distributed to shareholders, is substantial and justifies approval of the Settlement. Finally, the Settlement is the result of arms-length negotiation among experienced Plaintiffs' counsel, counsel for Cohn, and counsel for the insurance company.

- The advanced stage of these proceedings supports approval of the settlement. Fact discovery is complete: the parties engaged in extensive written and oral discovery. Additionally, the Court considered and ruled upon motions to dismiss filed by all Defendants, and all parties participated in two settlement conferences, in connection with which the parties submitted confidential settlement letters to the officiating judge. The Court and counsel have, therefore, had ample opportunity to evaluate Plaintiffs' claims.

- The allocation of funds is reasonable and equitable. The individual Plaintiffs believe that, rather than distributing the remaining $150,000 among the shareholders at this time, placing those funds into an entity whose sole purpose is funding the continued prosecution of the Company's patent applications and seeking to monetize those patents will provide greater potential benefits for each shareholder. For these reasons, Plaintiffs believe that the plan of allocation set forth in the Settlement Agreement and proposed Notice is fair and reasonable and merits approval.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of this Settlement, direct the issuance of notice, schedule a final approval hearing, and grant such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/Dean A. Dickie

Dean Dickie
Eric J. Gribbin
Ryan C. Williams
AKERMAN LLP
71 S. Wacker Drive, 46th Floor
Chicago, IL 60606
Tel. 312.634.5700
Fax: 312.424.1926
Email: dean.dickie@akerman.com
Email: eric.gribbin@akerman.com

- 4 -

Email:  ryan.williams@akerman.com

*Attorneys for Plaintiffs Lawrence Wert, Richard Kincaid, and James Myers, individually and on behalf of Ditto Holdings, Inc., n/k/a SoVesTech, Inc., and its Shareholders*

- 5 -

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on August 28, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys and *pro se* parties of record.

                                                    */s/ Dean Dickie*
                                                    Dean Dickie