# EXHIBIT

# A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter, the "Agreement") is made as of August 28, 2018 by and between plaintiffs Lawrence J. Wert ("Wert"), Richard D. Kincaid ("Kincaid"), and James O. Myers ("Myers"), individually and derivatively on behalf of all shareholders of Ditto Holdings, Inc., last known as SoVesTech, Inc., and Ditto Holdings, Inc. (collectively, "Plaintiffs"), on the one hand, and Defendant Stuart A. Cohn ("Cohn), on the other. Plaintiffs and Cohn are collectively referred to as the "Parties."

## RECITALS

WHEREAS, on January 12, 2017, plaintiffs Wert and Kincaid, individually and derivatively on behalf of all shareholders of Ditto Holdings, Inc., last known as SoVesTech, Inc. ("Ditto") and Ditto Holdings, Inc. commenced a lawsuit against Cohn, Zvi Feiner, David Jonathan Rosenberg, Scott Appleby, and Avi Fox, Case No. 1:17-cv-00219, in the United States District Court for the Northern District of Illinois (the "Action");

WHEREAS, on June 7, 2017, Wert and Kincaid filed their First Amended Complaint, joining Myers as a plaintiff and having dismissed Appleby without prejudice;

WHEREAS, on September 15, 2017, Plaintiffs filed their Second Amended Complaint in the Action, including allegations against Cohn;

WHEREAS, Cohn denies all allegations of wrongdoing (whether by alleged act or omission) and the sufficiency of the claims against him in the Action and denies any liability to the Plaintiffs as alleged in the Second Amended Complaint;

WHEREAS, the Parties engaged in judicially-supervised settlement conferences in federal court in Chicago on June 27, 2018, and in federal court in Milwaukee on July 25, 2018;

WHEREAS, at the July 25, 2018 settlement conference, the Parties reached an agreement to settle and release all of the Plaintiffs' individual claims and derivative claims against Cohn without further litigation or expense under the terms and provisions set forth herein (the "Settlement"); and

WHEREAS, this Agreement settles all of the individual and derivative claims, without limitation, brought against Cohn only and does not constitute a settlement of any of Plaintiffs' claims against the other defendants in the Action;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged by Plaintiffs, and the receipt of which shall be promptly acknowledged by Plaintiffs' counsel, the Parties agree as follows:

<u>**AGREEMENT**</u>

1.      <u>Recitals</u>.  The recitals set forth above are incorporated as if set forth herein.

2.      <u>Payment</u>.  Cohn's insurer, on Cohn's behalf, shall cause the total sum of Six Hundred Seventy-Five Thousand Dollars ($675,000) (the "Payment") to be deposited into an IOLTA trust account maintained by Plaintiffs' counsel, subject to and upon Court approval of the Payment amount.

3.      <u>Allocation of Proceeds</u>.   The Payment shall be allocated, at Plaintiffs' sole discretion, between the individual and derivative claims as set forth in the Notice of Proposed Settlement to be distributed to all shareholders of record.

4.      <u>Dismissal of Action</u>.  Plaintiffs shall cause all of their individual claims and derivative claims against Cohn in the Action to be dismissed with prejudice by submitting an Agreed Dismissal Order, in the form attached hereto as Exhibit A, to the Court within 7 days of

46216806;1

the Court's issuance of a final order approving the Settlement; provided that Plaintiffs' counsel may not disburse any of the Payment from their firm IOLTA account prior to entry of the Agreed Dismissal Order.

5.    <u>Plaintiffs' General Release of Cohn</u>.  Except for the obligations expressly set forth in this Settlement Agreement, Plaintiffs, for themselves and on behalf of their present, former, and future administrators, heirs, successors, predecessors, officers, directors, employees, agents, and attorneys, insurers, insurers' attorneys, beneficiaries, and assigns fully and generally release and forever discharge Cohn and his present, former, and future administrators, heirs, successors, predecessors, attorneys, insurers, insurers' attorneys, beneficiaries, and assigns from any and all causes of action, liabilities, suits, debts, accounts, reckonings, covenants, controversies, agreements, promises, damages, claims and demands, whatsoever, in law, equity, or otherwise, and obligations of whatever kind or nature, known or unknown, individual or derivative on behalf of Ditto Holdings and its shareholders, which have arisen from the beginning of time through the date of this Settlement Agreement.

6.    <u>Cohn's General Release of Plaintiffs</u>.  Except for the obligations expressly set forth in this Agreement, Cohn, for himself and on behalf of his present, former, and future administrators, heirs, successors, predecessors, attorneys, insurers, insurers' attorneys, beneficiaries, and assigns, fully releases and forever discharges Plaintiffs and their respective present, former, and future administrators, heirs, successors, predecessors, officers, directors, employees, agents, and attorneys, insurers, insurers' attorneys, beneficiaries, and assigns from any and all causes of action, claims (including but not limited to counterclaims), liabilities and obligations of whatever kind or nature, whether known or unknown, which have arisen through the date of this Agreement.

46216806;1

7.  <u>Assignment of Claims</u>.  Cohn agrees to assign to Plaintiffs, without warranty as to their validity or existence, whatever claims he may now have against Joseph Fox, by executing the form of assignment attached hereto as Exhibit B.

8.  <u>No Admission of Liability</u>.  Nothing contained herein is to be construed as an admission of any alleged fact or liability on the part of any of the Parties.

9.  <u>Entire Agreement</u>.  This Agreement sets forth the entire agreement between the Parties with regard to the matters set forth herein.  This Agreement contains a complete and exclusive statement of the terms and conditions of the Agreement between the Parties hereto with respect to the subject matter hereof and supersedes all other agreements, either oral or written, among such Parties with respect to the subject matter hereof.

10.  <u>Successors in Interest</u>.  This Agreement shall be binding upon and inure to the benefit of the respective heirs, executors, administrators, representatives, parents, subsidiaries, affiliates, predecessors, successors, beneficiaries, and assigns of the Parties, and may be enforced by any such successors in interest.

11.  <u>Modification</u>.  The terms and conditions set forth herein shall not be modified unless and until a subsequent written document expressly modifying this Agreement is signed by all the Parties.  Any alleged oral modification of this Agreement shall have no force or effect whatsoever.

12.  <u>Continuing Jurisdiction of Court</u>.  The Parties consent to the continuing exclusive jurisdiction and venue of the United States District Court for the Northern District of Illinois in any legal action to enforce and construe the terms of this Agreement to the maximum extent permitted by law.

46216806;1

13.    <u>Governing Law</u>.    This Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois without reference to its conflict of laws principles.

14.    <u>Unenforceable Provisions</u>.  If, for any reason, any provision of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement nevertheless shall be construed, performed, and enforced as if the invalidated or unenforceable provision had not been included in the Agreement's text.

15.    <u>Joint Drafting</u>.  This Agreement shall be deemed to have been jointly drafted by the Parties.  Any statute, case law, or rule of interpretation or construction that would or might cause any provision of this Agreement to be construed against the drafter of this Agreement shall have no force or effect.

16.    <u>Warranty of Capacity to Execute Agreement</u>.  The Parties represent and warrant that: (a) they have the capability and capacity to evaluate the risks and rewards of this Agreement and are acting of their own free will and not under any duress; (b) they have the right and authority to enter into and execute this Agreement; and (c) they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims referred to in this Agreement.

17.    <u>Representation of Comprehension of Document</u>.  In entering into this Agreement, the Parties each represent that they have relied upon the legal advice of their chosen attorneys, or have had an opportunity to consult with an attorney, and that the terms of this Agreement have been completely explained to them by their attorneys or that these terms are fully understood and voluntarily accepted.  The Parties further represent that no tax advice has been offered or given by any of the Parties in the course of these negotiations, and each of the Parties is relying upon the advice of its own tax consultants with regard to any tax consequences that may arise as a

46216806;1

result of the execution of this Agreement. Each Party agrees to hold the other Party harmless for any and all potential and/or actual tax consequences that result from this Agreement.

18. <u>No Attorneys' Fees for Objectors</u>. The Parties agree that, to the extent permitted by law, no objector to this Settlement Agreement shall be entitled to an award of attorney's fees and/or costs.

19. <u>Waiver</u>. Any failure to enforce any particular terms or conditions of this Agreement by either Party shall not constitute a waiver of any right to assert any of the other terms and conditions of this Agreement.

20. <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts, which collectively shall comprise a single agreement. To facilitate the consummation of this settlement, the Parties agree that facsimile or email/PDF signatures shall be sufficient.

21. <u>Court Approval of Settlement</u>. This Settlement Agreement shall not be effective and binding until such time that: (1) the District Court, after notice and hearing, enters an order approving the Settlement Agreement and its terms; and (2) the District Court's order has become final and non-appealable.


IN WITNESS WHEREOF, the Parties hereto have executed and delivered this Agreement:


**LAWRENCE J. WERT**
**Individually and on behalf of**
**Ditto Holdings and the Shareholders of**
**Ditto Holdings**

Signed: _____

Date: _____8/28/18_____

**STUART A. COHN**


Signed: _____

Date: _____

6

46216806;1

result of the execution of this Agreement. Each Party agrees to hold the other Party harmless for any and all potential and/or actual tax consequences that result from this Agreement.

18.     <u>No Attorneys' Fees for Objectors</u>.  The Parties agree that, to the extent permitted by law, no objector to this Settlement Agreement shall be entitled to an award of attorney's fees and/or costs.

19.     <u>Waiver</u>.   Any failure to enforce any particular terms or conditions of this Agreement by either Party shall not constitute a waiver of any right to assert any of the other terms and conditions of this Agreement.

20.     <u>Execution in Counterparts</u>.  This Agreement may be executed in counterparts, which collectively shall comprise a single agreement.  To facilitate the consummation of this settlement, the Parties agree that facsimile or email/PDF signatures shall be sufficient.

21.     <u>Court Approval of Settlement</u>.  This Settlement Agreement shall not be effective and binding until such time that: (1) the District Court, after notice and hearing, enters an order approving the Settlement Agreement and its terms; and (2) the District Court's order has become final and non-appealable.


IN WITNESS WHEREOF, the Parties hereto have executed and delivered this Agreement:


**LAWRENCE J. WERT**
**Individually and on behalf of**
**Ditto Holdings and the Shareholders of**
**Ditto Holdings**

Signed: _____

Date: _____


**STUART A. COHN**


Signed: _____

Date: _____ 8/28/18 _____

46216806;1

6

**RICHARD D. KINCAID**
**Individually and on behalf of**
**Ditto Holdings and the Shareholders of**
**Ditto Holdings**

Signed: _Richard D. Kincaid_

Date: _8-28-18_

**JAMES O. MYERS**
**Individually and on behalf of**
**Ditto Holdings and the Shareholders of**
**Ditto Holdings**

Signed: _James O. Myers_

Date: _8/28/18_

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE J. WERT,<br>RICHARD D. KINCAID, and<br>JAMES O. MYERS, individually and<br>derivatively on behalf of Ditto Holdings, Inc.,<br>n/k/a SoVesTech, Inc.,<br><br>    Plaintiffs,<br><br>v.<br><br>STUART COHN, ZVI FEINER,<br>DAVID JONATHAN ROSENBERG,<br>and AVI FOX,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:17-cv-00219<br><br>Hon. Matthew Kennelly<br><br>Hon. Maria Valdez |

**STIPULATION OF DISMISSAL**

The plaintiffs, Lawrence Wert, Richard Kincaid, and James Myers, individually and derivatively on behalf of Ditto Holdings, Inc., n/k/a SoVesTech, Inc. and its shareholders (collectively "Plaintiffs"), and Defendant Stuart Cohn ("Cohn"), through their respective counsel, hereby stipulate that all of Plaintiffs' claims against Cohn in the above-captioned action are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The parties further stipulate that each party shall bear his or its own costs and attorneys' fees.

Respectfully submitted,

For Plaintiffs, Individually and on behalf of        For Defendant Stuart Cohn:
Ditto Holdings and its Shareholders:

/s/Dean A. Dickie                                     /s/Mark A. Stang
Dean A. Dickie                                       Mark A. Stang
Akerman LLP                                          Stang-Law Firm
71. S. Wacker Drive, 47th Floor                      584 Hyacinth Place
Chicago, IL 60606                                    Highland Park, Illinois 60035-1265

Dated: September   , 2018

46217178;1

## EXHIBIT B

**Assignment of Claims**

For good and valuable consideration from Lawrence Wert, Richard Kincaid, and James Myers, individually and derivatively on behalf of Ditto Holdings, Inc., n/k/a SoVesTech, Inc. and its shareholders (collectively "Plaintiffs"), the receipt of which is hereby acknowledged, Cohn hereby assigns to Plaintiffs, without warranty as to their validity or existence, whatever legal claims he may have against Joseph Fox as of the date hereof.

By_____
             Stuart A. Cohn

## J U R A T

STATE OF ILLINOIS)
                     ) ss
COUNTY OF COOK  )

This instrument was executed before me by Stuart A. Cohn, personally known to me, on September __, 2018.

(SEAL)

Notary Public

By_____
             Print Name

46217275;1