IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE J. WERT, ) <br> RICHARD D. KINCAID, and ) <br> JAMES O. MYERS, individually and ) <br> derivatively on behalf of Ditto Holdings, Inc., ) <br> n/k/a SoVesTech, Inc., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STUART COHN, ZVI FEINER, ) <br> DAVID JONATHAN ROSENBERG, ) <br> and AVI FOX, ) <br> ) <br> Defendants. ) | Case No. 1:17-cv-00219 <br><br> Hon. Matthew Kennelly <br><br> Hon. Maria Valdez |

**ORDER GRANTING FINAL APPROVAL OF REVISED SETTLEMENT BETWEEN PLAINTIFFS AND STUART COHN AND GRANTING APPROVAL OF SETTLEMENT BETWEEN PLAINTIFFS AND NON-PARTY OBJECTOR PAUL SIMONS**

The Court has reviewed and considered **(1)** the Motion for Approval of Revised Proposed Settlement ("Revised Motion") with Stuart Cohn filed by Lawrence Wert, Richard Kincaid, and James Myers, individually and derivatively on behalf of Ditto Holdings, Inc. ("Ditto"), n/k/a SoVesTech, Inc. (collectively, "Plaintiffs") (Dkt. No. 229), seeking approval of the Settlement Agreement and Release dated August 28, 2018 between Plaintiffs and Defendant Stuart Cohn ("Cohn") (Dkt. No. 177-2) (the "Cohn Settlement") and **(2)** Plaintiffs' Notice of Settlement (the "Simons Settlement") with Non-Party Objector Paul Simons ("Simons") (Dkt. No. 234). The Court grants the Motion and grants final approval of Plaintiffs' Settlements with Cohn and Simons, and orders as follows:

(1) This Court has jurisdiction over the subject matter of the Cohn Settlement and the Simons Settlement, including all matters necessary to effectuate these settlements, and over all parties to these agreements;

(2) No party or other person has objected to the Cohn Settlement, its attached exhibits, including the Stipulation of Dismissal (Exhibit A), or to the Revised Motion, other than intervener-objector Simons, who, upon entry of this Order, expressly agrees to withdraw and waive his objection to the Cohn Settlement and the Revised Motion, and any possible appeal of any matter as part of the Simons Settlement;

(3) The record shows that sufficient Notice of the original Settlement proposal (Dkt. No. 177) was provided by Plaintiffs to all persons or entities entitled to receive notice. The Court finds that such Notice: (i) constitutes reasonable notice and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all shareholders of record of common stock of Ditto ("Shareholders") who could reasonably be identified of the pendency of the derivative lawsuit, the terms of the Settlement, and the shareholders' right to object and to appear at the settlement fairness hearing; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Federal Rule of Civil Procedure 23.1(c); and (iv) meets the requirements of due process;

(4) Given the Court's determination that the revised Settlement between Plaintiffs and Cohn, as enhanced by the terms of the Simons Settlement, is more beneficial to the Shareholders than the original Settlement, the Court holds that Notice of the revised Settlement terms need not be provided to the Shareholders;

(5) In light of the benefits to the Shareholders, the complexity and possible duration of further litigation against Cohn, the risks of establishing liability and damages, and the considerable expense of continued litigation against Cohn, the Court hereby fully and finally approves the Cohn Settlement, pursuant to Federal Rule of Civil Procedure 23.1(c), as set forth

in the Settlement Agreement and the Revised Motion in all respects, and finds that the Cohn Settlement is, in all respects, fair, reasonable, and adequate and in the best interests of Plaintiffs, Cohn, and the Shareholders. This Court finds that the Settlement terms as set forth in the Cohn Settlement and the Revised Motion are the result of arm's length negotiations between experienced counsel representing the interests of the Plaintiffs, Cohn, and the Shareholders.

(6)     For the reasons stated on the record in open court, the Court hereby fully and finally approves the Simons Settlement, pursuant to Federal Rule of Civil Procedure 23.1(c), and finds that the Simons Settlement is the result of arm's length negotiations between experienced counsel representing the interests of the Plaintiffs, Simons, and the Shareholders, and is, in all respects, fair, reasonable, and adequate and in the best interests of Plaintiffs, Simons, and the Shareholders;

(7)     Upon entry of this Order and Simons' receipt of the payment as described in Paragraph 10, *infra*, Simons' Objection (Dkt. No. 233) shall be deemed irrevocably withdrawn, and Simons waives any and all right to object to, challenge, or appeal the Cohn Settlement, the Revised Motion, or this Order, including, but not limited to, any objection in this action, any objection in *Simons v. Ditto Trade, Inc., et al.* action, Case No. 14-CV-309, and any appeal to the Seventh Circuit Court of Appeals. Upon entry of this Order and Simons' receipt of the payment as described in Paragraph 10, *infra*, Simons additionally waives any and all right to object to, challenge, or appeal any petition for fees and expenses submitted by Plaintiffs in this action.

(8)     Plaintiffs shall cause all of their individual claims and derivative claims against Cohn in this action to be dismissed with prejudice by filing the Stipulation of Dismissal (in the form set forth in Exhibit A to the Cohn Settlement) within seven (7) days after the Court's entry of this Order;

(9)     Upon receipt of the settlement funds from Cohn's insurer as set forth in the Settlement Agreement, Plaintiffs shall deposit half of those funds into a separate escrow account (the "Derivative Escrow Account") established solely for the purpose of administering the derivative common fund;

(10)    Simons shall be paid $170,000 via wire transfer from the Derivative Escrow Account. Following receipt of this payment, Simons shall assign to Plaintiffs (or a representative designated by Plaintiffs) any and all interests in, judgments against, and/or liens against Ditto Trade, Inc. or Ditto Holdings, Inc., and/or any assets of either entity, including their intellectual property;

(11)    Within thirty (30) days of entry of this Order, Plaintiffs shall file with the Court a petition for attorneys' fees and costs to be paid from the derivative common fund;

(12)    This Order shall become final and non-appealable upon the date that the time period for appeal has expired without the filing of any notice of appeal from this Order;

(13)    The Court finds that the Cohn Settlement resolves and disposes of all claims brought against Cohn in this action and that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of the entry of this Order as a final judgment and of any appeal of this Order; and

(14)    This Court shall have continuing, exclusive jurisdiction over the subject matter of the Cohn Settlement and the Simons Settlement, including all matters necessary to effectuate their terms, to the maximum extent permitted by the law.

DATED:  March 5, 2019

_____
HON. MATTHEW KENNELLY